United States District Court
Southern District of Texas
**ENTERED**
June 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHELE FELIX, individually and as Personal Representative on behalf of Raymond Felix, Deceased | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:19-CV-4346 |
| NOVELIS CORPORATION, individually And as Successor-in-interest to Alcan Aluminum Corporation, Alcan Fabrication Corporation, Alcan Cable, and Metal Goods Corporation, | § § § § § § | |
| Defendant. | § § | |

# ORDER

Pending before the Court are Defendant Novelis Corporation's Motion for Summary Judgment, **(Instrument No. 22)**, and Objections to Plaintiff's Summary Judgment Evidence, **(Instrument No. 29)**.

## I.

### A.

This case arises from the injuries and death of Raymond Felix ("Felix" or "Decedent") due to asbestos exposure. (Instrument No. 1 at 1). Plaintiff Michele Felix ("Plaintiff"), individually and as personal representative on behalf of legal heirs of Felix, filed this lawsuit against Defendant Novelis Corporation ("Defendant" or "Novelis"). *Id.* at 2. Both Plaintiff and Decedent are residents of Utah. (Instrument No. 22 at 8).

From 1950 to 1955, Raymond Felix decorated the family Christmas tree with "Snow Drift," a product advertised as artificial snow decoration sold during the Christmas holiday. (Instrument No. 1 at 2). Felix used this product on his family Christmas tree to create a snow-showered effect. *Id.* The artificial snow in Snow Drift was allegedly comprised of asbestos, as written on the product's box, and was manufactured by Metal Goods Corporation, a predecessor-in-interest to Defendant. *Id.* at 1, 3. Plaintiff alleges that there were no warning labels on the boxes. *Id.* at 3.

On or about August 5, 2014, Felix was diagnosed with Malignant Mesothelioma, mixed or biphasic type. *Id.* at 3. Felix died from Malignant Mesothelioma on December 1, 2014. (Instrument No. 22 at 5).

**B.**

On December 4, 2015, Plaintiff filed this same suit in Utah state court. (Instrument No. 22 at 5). Plaintiff added Novelis to the state court case on June 6, 2017. (Instrument No. 22 at 6-7). On September 6, 2019, the state court dismissed the case as to Novelis without prejudice. *Id.*

On November 5, 2019, Plaintiff filed her Original Complaint in the United States District Court for the Southern District of Texas. (Instrument No. 1). Plaintiff brings six causes of action: (1) negligence, (2) strict product liability, (3) loss of consortium, (4) survival, (5) wrongful death, and (6) gross negligence. (Instrument No. 1 at 3-11).

On December 6, 2019, Defendant filed its Motion to Dismiss. (Instrument No. 4). On January 10, 2020, Plaintiff filed her Response. (Instrument No. 7). Lastly, on January 15, 2020, Defendant filed its Reply. (Instrument No. 8). On May 13, 2020, the Court denied Defendant's Motion to Dismiss. (Instrument No. 20).

On January 28, 2021, Defendant filed its Motion for Summary Judgment. (Instrument No. 22). On February 25, 2021, Plaintiff filed its Response. (Instrument No. 25). On March 9, 2021, Defendant filed its Reply. (Instrument No. 28).

## II.

As an initial matter, Defendant objects to Plaintiff's summary judgment evidence. (Instrument No. 29). Defendant objects to two of Plaintiff's exhibits: (1) Daniel J. Morse's declaration and (2) portions of Jan Felix's declaration. (Instrument No. 29 at 2-4).

On a motion for summary judgment, "the admissibility of evidence . . . is subject to the usual rules relating to form and admissibility of evidence." *Munoz v. Int'l Alliance of Theatrical Stage Emps. & Moving Picture Mach. Operators of U.S. & Can.*, 563 F.2d 205, 213 (5th Cir. 1977). "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The hearsay rules as prescribed by Federal Rules of Evidence 801 and 802 apply with equal force in the summary judgment context. *Warfield v. Byron*, 436 F.3d 551, 559 (5th Cir. 2006). Furthermore, conclusory statements, unsubstantiated and subjective beliefs, and speculative statements are not proper summary judgment evidence. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

As the Court's analysis will show, the Court did not need to rely upon the objected exhibits to resolve the Motion. *See Floyd v. Hefner*, 556 F. Supp. 2d 617, 636 (S.D. Tex. 2008) (Harmon, J.); *Brantley v. Inspectorate Am. Corp.*, 821 F. Supp. 2d 879, 886 (S.D. Tex. 2011) (Gilmore, J.). Accordingly, Defendant's objections are **OVERRULED**.

## III.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 312, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex*, 477 U.S. at 322-25). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am.'s Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

## IV.

Plaintiff filed suit against Novelis in this Court by invoking the Texas "borrowing statue," Texas Civil Practice & Remedies Code § 71.031. (Instrument No. 1 at 3). Defendant argues that Plaintiff's claims are time barred under the borrowing statute, warranting dismissal. (Instrument No. 22 at 10).

A federal court sitting in diversity applies the state's statute of limitations to state law claims. *See Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1103 (5th Cir. 1981). A claim that

is time barred in state court cannot proceed in federal court. *Guaranty Trust Co. of New York v. York*, 65 S. Ct. 1465, 1470 (1945).

The Texas borrowing statute applies to personal injury and wrongful death actions. Under the borrowing statute, "foreign plaintiffs must commence their suits both within the time provided by Texas law and within the time provided by the laws of the foreign state . . . in which the wrongful act, neglect, or default took place." *Owens Corning v. Carter*, 997 S.W.2d 560, 571 (Tex. 1999); *see* Tex. Civ. Prac. & Rem. Code § 71.031(a)(2), (3). *Id.* Specifically, § 71.031(a) states,

> An action for damages for the death or personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect, or default causing the death or injury takes place in a foreign state or country, if:
>
> (1) a law of the foreign state or country or of this state gives a right to maintain an action for damages for the death or injury;
>
> (2) the action is begun in this state within the time provided by the laws of this state for beginning the action;
>
> (3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect, or default took place . . . .

Tex. Civ. Prac. & Rem. Code § 71.031(a)(1)—(3). Section 71.031(a)(2) requires that a non-resident plaintiff bring a personal injury claim within the Texas statute of limitations. Section 71.031(a)(3) requires that the non-resident plaintiff bring the personal injury claim within the statute of limitations for the jurisdiction in which the wrongful act took place. The statute ensures that the more restrictive of the two statute of limitations controls. *See Oubre v. Schlumberger Ltd.*, No. 3:15-CV-111, 2016 WL 5334627, at *5 (S.D. Tex. Sept. 23, 2016), *aff'd*, 684 F. App'x 424 (5th Cir. 2017).

No party contests the application of § 71.031. *See generally* (Instruments No. 22; No. 25). Defendant contests whether the action complies with the second and third requirements, specifically whether the action began in Texas within the time provided by the laws of Utah and Texas. *See* (Instrument No. 22 at 11-15). Defendant first argues that Plaintiff's claims are time-barred by Texas law, in violation of § 71.031(a)(2). (Instrument No. 22 at 11).

Section 71.031(a)(2) ensures that "the action is begun in this state within the time provided by the laws of this state for beginning the action." Two statutes, § 16.003(b) and § 16.064, provide times within which one must begin an action in Texas state courts. Under Texas Civil Practice & Remedies Code § 16.003(b), a person must bring suit no later than two years after the date a wrongful death action accrues, which accrues on the death of the injured person. Tex. Civ. Prac. & Rem. Code § 16.003(b). Under § 16.064, the "Texas savings statute," states:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
> (1) Because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>
> (2) Not later than the 60th day after the date the dismissal becomes final, the action is commenced in a court of proper jurisdiction

Tex. Civ. Prac. & Rem. Code § 16.064(a).

Plaintiff argues that § 16.064 provides Plaintiff 60 days to file this matter in Texas after it was dismissed in the Utah state court. (Instrument No. 25 at 7). The Utah state court dismissed Plaintiff's case on September 6, 2019. (Instrument No. 22 at 6-7). Plaintiff refiled her complaint in this Court on November 5, 2019. (Instrument No. 1). Because Plaintiff refiled this case in Texas within 60 days, Plaintiff contends that she complied with § 16.064. *Id.* However, § 16.064 specifically states that this period between dismissal and refiling "suspends the running of the

applicable statute of limitations." Tex. Civ. Prac. & Rem. Code § 16.064(a). A plaintiff's claim is time barred, even if it satisfies the 60-day requirement of § 16.064, if the suit is filed outside the Texas statute of limitations. See *Henneberger v. Ticom Geomatics, Inc.*, 793 F. App'x 241, 244 (5th Cir. 2019) (noting that the district court did not err when it dismissed the suit for being time barred despite plaintiff refiling it within the 60-day deadline of § 16.064(a)). Here, because Decedent died on December 1, 2014, it is undisputed that the applicable statute of limitations under § 16.003(b) had already run by December 1, 2016. The Utah state court dismissed the case in 2019, well after the Texas statute of limitations had run. Consequently, there was no statute of limitations that could have been suspended by § 16.064.

Because Plaintiff did not begin this action in Texas within the time required by Texas law, Plaintiff fails to establish § 71.031(a)(2). Thus, the Court need not address whether Plaintiff began this action within the time required by Utah law under § 71.031(a)(3). The Court finds that Plaintiff's claims are time barred under Texas law. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

V.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED. (Instrument No. 22).**

**IT IS FURTHER ORDERED** that Defendant's Objections to Plaintiff's Summary Judgment Evidence are **OVERRULED. (Instrument No. 29).**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this ___ day of June, 2021.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**